IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|  v. | ) Civ. No. 19-00139 ACK-KJM |
| | ) |
| JOHN DOES 1-10 | ) |
| | ) |
|        Respondents. | ) |

**ORDER AFFIRMING MAGISTRATE JUDGE'S (1) ORDER DENYING PLAINTIFF'S MOTION FOR ISSUANCE OF LETTERS OF REQUEST AND (2) MINUTE ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

For the reasons set forth below, the Court AFFIRMS the Order Denying Plaintiff's Motion for Issuance of Letters of Request dated May 13, 2019, ECF No. 16, and Minute Order Denying Plaintiff's Motion for Reconsideration dated June 19, 2019, ECF No. 20, issued by Magistrate Judge Kenneth J. Mansfield on February 28, 2019.

**BACKGROUND**

On March 18, 2019, Plaintiff Bodyguard Productions, Inc. ("Plaintiff") filed a Complaint ("Compl.") against Defendant Alex Musante ("Defendant Musante"). ECF No. 1. Plaintiff is the owner of the copyright for the motion picture The Hitman's Bodyguard (the "Work"). Compl. ¶ 7. The Complaint asserts claims against Defendant Musante for direct copyright infringement and contributory copyright infringement. Compl. ¶

1

2. In essence, Plaintiff alleges that Defendant Musante used BitTorrent, a peer-to-peer file sharing protocol that is used to distribute large files amongst internet users, to illegally copy the Work onto his computer and redistribute it to other internet users. See Compl. ¶¶ 29-59.

On April 26, 2019, Plaintiff filed a Motion for Issuance of Letters of Request ("Motion for Letters"), ECF No. 11, seeking third-party discovery from three foreign companies: a Dutch company called LiteServer B.V., a U.K. company called IPSERVER LP, and an Australian Company called Instra Corporation Limited. Motion for Letters at 2, 4. Plaintiff suggests that Defendant Musante used a website called Popcorn Time to illegally pirate the Work, and that the identity of the Popcorn Time website operator is essential to the resolution of Plaintiff's claims. Id. The foreign companies allegedly provide registration services to the Popcorn Time website. Id.

The proposed letters rogatory, which Plaintiff attached as exhibits to its Motion for Letters, request "the name, contact information, payment details and Internet Protocol login history from April 25, 2016 to the present of the registrant" of the website domain names popcorn-time.ch and popcorn-time.to. See ECF Nos. 11-3, 11-4, and 11-5. The proposed letters rogatory indicate that Plaintiff seeks the identification information of the Popcorn Time website operators

2

so that he can name them as defendants in this lawsuit.  See id.
The Court notes that Plaintiff did not include this reason for
the proposed third-party discovery in the actual Motion for
Letters.  Defendant Musante did not oppose Plaintiff's Motion
for Letters.

On May 13, 2019, the Magistrate Judge issued an Order
Denying Plaintiff's Motion for Issuance of Letters of Request
(the "05/13/19 Order").  ECF No. 16.  The Magistrate Judge noted
that Plaintiff's counsel was engaged in settlement discussions
with Defendant Musante, and that Defendant Musante had not yet
appeared in the matter.  05/13/19 Order at 2.  The Magistrate
Judge concluded that "[i]f Musante admits to, or fails to defend
(as is currently the case), the claims against him, the proposed
third-party discovery will be unnecessary," and for that reason,
denied Plaintiff's Motion for Letters.  05/13/19 Order at 2-3.

On May 21, 2019, Plaintiff filed a Motion for
Reconsideration of the 05/13/19 Order ("Motion for
Reconsideration").  ECF No. 17.  Therein, Plaintiff argued that
the third-party discovery was necessary to join the operators of
the Popcorn Time websites as defendants and to request an
injunction ordering Defendant Musante's internet service
provider to block access to the Popcorn Time websites.  Motion
for Reconsideration at 2.  In a Minute Order dated June 19, 2019
(the "06/19/19 Order"), the Magistrate Judge denied Plaintiff's

3

Motion for Reconsideration because Plaintiff raised neither of the aforesaid arguments in the underlying Motion for Letters. ECF No. 20.

The procedural posture of this case has changed considerably since Plaintiff filed the Motion for Letters. On June 7, 2019, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 18. The FAC asserts a direct copyright infringement claim against Defendant Musante and intentional inducement and contributory copyright infringement claims against Doe Defendants 1–10. FAC ¶ 1. On June 12, 2019, the Court entered an Order and Stipulation for Dismissal, ECF No. 19, dismissing Plaintiff's claims against Defendant Musante with prejudice pursuant to a settlement agreement. Thus the only defendants remaining in this case are Doe Defendants.

On June 23, 2019, Plaintiff filed an "Ex Parte Motion for Leave to Request Issuance of Order Granting Letters of Request Prior to a Rule 26(f) Conference and Order Granting Said Letters of Request" ("Early Discovery Motion"). ECF No. 21. Therein, Plaintiff requests the same three letters rogatory as in the Motion for Letters, along with a forth letter rogatory for information from an Icelandic company called ISNIC – Internet á Íslandi hf. See ECF No. 21. Despite having just filed the Early Discovery Motion, on July 2, 2019, Plaintiff

4

timely filed a Notice of Appeal of the Magistrate Judge's 05/13/19 Order and 06/19/19 Order.  ECF No. 22.

**STANDARD**

Pursuant to Local Rule 74.1, any party may appeal from a magistrate judge's order determining a non-dispositive pretrial matter or, if a reconsideration order has issued, the magistrate judge's reconsideration order on such a matter.  The district judge shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.  See L.R. 74.1; see also 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a).  The district judge may also reconsider sua sponte any matter determined by a magistrate judge.  See L.R. 74.1.

Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Hinkson, 585 F.3d 1247, 1260 (9th Cir. 2009) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)).  The district judge may not simply substitute his or her judgment for that of the magistrate judge.  See Hinkson, 585 F.3d at 1261. Instead, the scope of review is limited "to determining whether the [] court reached a decision that falls within any of the permissible choices the court could have made."  Id.  The

5

magistrate judge's findings pass the clear error standard if they are not "illogical or implausible" and have "support in inferences that may be drawn from the facts in the record." Id. (quoting Anderson v. Bessemer City, 470 U.S. 564, 577 (1985)).

## **DISCUSSION**

Plaintiff argues that the Magistrate Judge applied the incorrect standard in denying the Motion for Letters because he considered whether the proposed third-party discovery was <u>necessary</u>, when in fact the Magistrate Judge should have considered whether the proposed third-party discovery was <u>relevant</u> to Plaintiff's claims.

Federal Rule of Civil Procedure 26(b)(1) provides for the scope of discovery. Rule 26(b)(1) reads in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) can be characterized as a two-part test, the first element being relevancy and the second element being proportionality. In re Bard IVC Filters Products Liability Litigation, 317 F.R.D. 562, 563–65 (D. Ariz.

6

2016). District courts have broad discretion to determine relevancy for discovery purposes. Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Courts are inherently vested with the authority to issue letters rogatory, United States v. Staples, 256 F.2d 290, 292 (9th Cir. 1958), and whether to issue a letter rogatory rests with the discretion of the court. Asis Internet Servs. v. Optin Global, Inc., No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 29, 2007) (citing United States v. Mason, 919 F.2d 139, 1990 WL 185894, at *3 (4th Cir. 1990)). When deciding whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that evidence will actually be obtained. Id. (citations omitted).

Here, the Magistrate Judge set forth the proper standard under Rule 26(b)(1), and then noted that because Defendant Musante had not yet made an appearance or disputed Plaintiff's claims, it was not evident that Plaintiff's proposed third-party discovery was necessary. 05/13/19 Order at 2. The Magistrate Judge suggested that if Defendant Musante admits or fails to defend the claims, the proposed third-party discovery would be unnecessary. Id. The Magistrate Judge also noted that Plaintiff and Defendant Musante were in settlement talks, id.,

7

and indeed Plaintiff and Defendant Musante eventually reached a settlement.  ECF No. 19.

As the Court noted, the procedural posture of this case has changed considerably since Plaintiff filed the Motion for Letters.  Now that the claims against Defendant Musante have been dismissed, and Plaintiff has filed an FAC naming Doe Defendants, the discovery that Plaintiff seeks is more properly characterized as early discovery utilized to determine the identity of the Doe Defendants.  Plaintiff's Early Discovery Motion is the proper procedural mechanism by which to obtain information necessary to identify the Doe Defendants in this lawsuit.  See, e.g., Diabolic Video Productions, Inc. v. Does 1-2099, No. 10-CV-5865-PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011); ME2 Productions, Inc. v. Doe 1, CIVIL NO. 17-00320 RLP, 2017 WL 11144687 (D. Haw. Nov. 6, 2017); Venice PI, LLC v. Doe 1, CIVIL 18-00192 LEK-KSC, 2018 WL 6694834 (D. Haw. July 30, 2018).

Given the foregoing, as well as the fact that courts have discretionary authority to issue letters rogatory, see Optin Global, Inc., 2007 WL 1880369, at *2-3; Barnes and Noble, Inc. v. LSI Corp., No. C 11-02709 EMC (LB), 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012), the Court cannot say that the Magistrate Judge's 05/13/19 Order was clearly erroneous. Moreover, the Magistrate Judge's 06/19/19 Order denying

Plaintiff's Motion for Reconsideration was entirely proper given that the Motion for Reconsideration was based on new arguments.

## CONCLUSION

Accordingly, the Court concludes that the Magistrate Judge did not err in denying Plaintiff's Motion for Letters and Motion for Reconsideration.  Furthermore, the current procedural posture of the case requires Plaintiff to obtain the discovery sought under Rule 26(d)(1), which governs early discovery, and Plaintiff has filed an Early Discovery Motion precisely for this purpose.  For these reasons, the Court Magistrate Judge's 05/13/19 Order and 06/19/19 Order are hereby AFFIRMED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, August 12, 2019.

_____
Alan C. Kay
Sr. United States District Judge

Bodyguard Productions, Inc. v. John Does 1-10., Civ. No. 19-00139 ACK-KJM, Order Affirming Magistrate Judge's (1) Order Denying Plaintiff's Motion for Issuance of Letters of Request and (2) Order Denying Plaintiff's Motion for Reconsideration