IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| BODYGUARD PRODUCTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 19-00139 ACK-KJM |
| | ) |
| ALEX MUSANTE and JOHN DOES 1-10 | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO REQUEST ISSUANCE OF ORDER GRANTING LETTERS OF REQUEST PRIOR TO A RULE 26(F) CONFERENCE AND ORDER GRANTING SAID LETTERS OF REQUESTS**

For the reasons set forth below, the Court AFFIRMS the Order Denying Plaintiff's Motion for Leave to Request Issuance of Order Granting Letters of Request Prior to a Rule 26(f) Conference and Order Granting Said Letters of Requests issued by Magistrate Judge Kenneth J. Mansfield on November 13, 2019, ECF No. 34.

**BACKGROUND**

On March 18, 2019, Plaintiff Bodyguard Productions, Inc. ("Plaintiff") filed a Complaint ("Compl.") against Defendant Alex Musante ("Defendant Musante"). ECF No. 1. Plaintiff is the owner of the copyright for the motion picture, The Hitman's Bodyguard (the "Work"). Compl. ¶ 7. The Complaint asserts claims against Defendant Musante for direct copyright

infringement and contributory copyright infringement.  Compl.
¶ 2.

On April 26, 2019, Plaintiff filed a First Motion for
Issuance of Letters of Request ("First Motion for Letters"), ECF
No. 11, seeking third-party discovery from three foreign
companies: a Dutch company called LiteServer B.V., a U.K.
company called IPSERVER LP, and an Australian Company called
Instra Corporation Limited.  First Motion for Letters at 2, 4.
On May 13, 2019, Magistrate Judge Mansfield denied the First
Motion for Letters, ECF No. 16.  Plaintiff filed a Motion for
Reconsideration of that denial, ECF No. 17, which Magistrate
Judge Mansfield denied on June 19, 2019, ECF No. 20.  Plaintiff
appealed the denial of its Motion for Reconsideration to this
Court, ECF No. 22, and this Court affirmed Magistrate Judge
Mansfield's denial on August 12, 2019, ECF No. 26.

Plaintiff filed an Amended Complaint adding John Does
1-10 as Defendants ("Doe Defendants") on June 7, 2019.  ECF
No. 18.  The Amended Complaint asserts claims against the Doe
Defendants for inducement and contributory copyright
infringement and reasserts the claim against Defendant Musante
for direct copyright infringement.  Am. Compl. ¶ 1.  On June 12,
2019, the Court entered an Order and Stipulation for Dismissal,
ECF No. 19, dismissing Plaintiff's claims against Defendant
Musante with prejudice pursuant to a settlement agreement.

Thus, the only defendants remaining in this case are the Doe Defendants.  Plaintiff alleges that the Doe Defendants operate a website promoting and distributing Popcorn Time, an application used to infringe the copyright of protected works, including Plaintiff's Work.  <u>See</u> Am. Compl. ¶¶ 15-16, 26-34.

On June 23, 2019, Plaintiff filed an Ex Parte Motion for Leave to Request Issuance of Order Granting Letters of Request Prior to a Rule 26(f) Conference and Order Granting Said Letters of Request ("Second Motion for Letters").  ECF No. 21. Plaintiff further filed a Supplemental Memorandum on August 23, 2019.  ECF No. 30.  In its Second Motion for Letters, Plaintiff requests the same three letters rogatory as in the First Motion for Letters, along with a fourth letter rogatory for information from an Icelandic company called ISNIC – Internet á Íslandi hf.[1] <u>See</u> ECF No. 21.  Magistrate Judge Mansfield denied the Second Motion for Letters on November 13, 2019 (the "Order").  ECF No. 34.  Plaintiff now appeals that Order (the "Appeal").  ECF No. 35.

---

[1] In its objection, Plaintiff states that its Second Motion for Letters "request[s] the same letters as the First Motion for Letters."  ECF No. 35-1 at 9.  The First Motion for Letters, however, makes no reference to ISNIC. <u>See</u> ECF No. 11.

**STANDARD**

Pursuant to Local Rule 74.1, a party may object to a magistrate judge's non-dispositive order within fourteen days after being served.[2/] The district judge shall consider the objection and shall set aside the magistrate judge's order if it is clearly erroneous or contrary to law. See 28 U.S.C. § 626(b)(1)(A); Fed. R. Civ. P. 72(a).

Under the "clearly erroneous" standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, the court is "left with the definite and firm conviction that a mistake has been committed." United States v. Hinkson, 585 F.3d 1247, 1260 (9th Cir. 2009) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district judge may not simply substitute his or her judgment for that of the magistrate judge. See Hinkson, 585 F.3d at 1261. Instead, the scope of review is limited "to determining whether the . . . court reached a decision that falls within any of the permissible choices the court could have made." Id. The magistrate judge's findings pass the clear error standard if they are not "illogical or implausible" and have "support in inferences that may be drawn from the facts in the record."[3/]

---

[2/] On September 1, 2019, the Local Rules were amended; a party could previously "appeal" a magistrate judge's non-dispositive order and the Rules now permit a party to "object."

[3/] Plaintiff argues, in the alternative, that the Court should construe (Continued . . .)

4

<u>Id.</u> (quoting <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 577

(1985)).


## DISCUSSION

Plaintiff is seeking four letters rogatory prior to

the Federal Rule of Civil Procedure 26(f) conference, which—it

argues—will enable it to determine the identities of the Doe

Defendants.

> Courts examine four factors in evaluating whether
> a plaintiff has established good cause for early
> discovery to assist in the identification of
> certain defendants: (1) whether plaintiff has
> identified the doe defendants with sufficient
> particularity for the court to determine whether
> the defendants are real persons who can be sued
> in federal court; (2) whether plaintiff recounts
> the steps taken to locate and identify the doe
> defendants; (3) whether plaintiff has
> demonstrated that the lawsuit can withstand a
> motion to dismiss; and (4) whether plaintiff has
> proven the requested discovery is likely to lead

---

the Second Motion for Letters as a dispositive motion meriting de novo
review, because "without the early discovery requested in the Second Motion
for Letters, Plaintiff has no mechanism for determining the identities of
Defendants. Accordingly, the denial of the Second Motion for Letters is
effectively a dismissal of the present action." Appeal at 15. Plaintiff
provides no citations for this argument and the Court disagrees. "To
determine whether a motion is dispositive, we have adopted a functional
approach that look[s] to the effect of the motion, in order to determine
whether it is properly characterized as dispositive or non-dispositive of a
claim or defense of a party." <u>Flam v. Flam</u>, 788 F.3d 1043, 1046 (9th Cir.
2015) (internal citations and quotations omitted); <u>see</u> <u>Venice PI, LLC v. Doe
1</u>, No. CIVIL1800192LEKKSC, 2018 WL 6694834, at *1 (D. Haw. July 30, 2018)
(applying the "clearly erroneous or contrary to law" standard, and not the
"de novo" review standard, to an appeal of an order denying early discovery
where the plaintiff argued that "without the discovery described in the
Motion, they will be unable to identify [the Doe] Defendants"). Refusal to
permit early discovery does not result in dismissal of any claim.
Regardless, even were the Court to apply the de novo review standard, it
would reach the same outcome affirming the decision of Magistrate Judge
Mansfield.

to identifying information to allow service of
process.

Appeal at 16 (quoting <u>Third World Media, LLC v. Hawaii Members</u>
<u>of Swarm of July 13, 2011 to July 25, 2011 Sharing Hash File</u>
<u>BD55F2868E09C08DADFC1032CCE43DE2BC1A2D17</u>, No. CV 11-00536 DAE-
RLP, 2011 WL 13136257, at *2 (D. Haw. Oct. 6, 2011)); Order at 4
(citing same).

Plaintiff argues that Magistrate Judge Mansfield made
three errors in his Order denying Plaintiff's request.  First,
Plaintiff argues that it identified the Doe Defendants with
sufficient specificity.  Appeal at 2.  Second, Plaintiff argues
that the Amended Complaint could withstand a motion to dismiss
based on lack of personal jurisdiction.  Appeal at 2.  Third, it
argues that the discovery sought would lead to the
identification of the Doe Defendants.  Appeal at 2.  Plaintiff
bases these objections on its claims that (1) the Order ignores
Plaintiff's identification of Internet Protocol ("IP") addresses
and of Alex Musante; (2) the Order does not treat the facts of
the Amended Complaint as true and fails to consider evidence
that the Doe Defendants sent the infringing Work to Alex Musante
with knowledge of his location in Hawaii; and (3) the Order
fails to consider evidence that the host registrar has the
identifying customer information.  Appeal at 2-3.

## I. Plaintiff Fails to Identify Doe Defendants with Sufficient Particularity

Plaintiff alleges that the Doe Defendants operate the website, popcorn-time.ch, and maintain or design the server framework for the application Popcorn Time. Am. Compl. ¶¶ 15-16; Appeal at 17. Plaintiff also alleges the Doe Defendants promoted their website to Alex Musante. Am. Compl. ¶ 5; Appeal at 17.

Magistrate Judge Mansfield found this "paucity of information" insufficient for the Court "to determine whether the Doe Defendants are real person[s] or entities that Plaintiff can sue in federal court," noting that "Plaintiff has failed to provide the Court with information that Doe Defendants are connected with any IP address or the location of any of the IP addresses." Order at 6-7. The Court affirms Magistrate Judge Mansfield's conclusion that Plaintiff has failed to identify the Doe Defendants with sufficient particularity.

Plaintiff points to the IP address that its counsel attests hosts the website, popcorn-time.ch, and is associated with the Dutch Host Provider LiteServer B.V. Appeal at 18; Decl. of Counsel, ECF No. 21-2, ¶¶ 3-4. But Dutch Host Provider LiteServer B.V. is not a defendant in this case and so the relevance of its IP address is not obvious.

Plaintiff also points to the IP address provided for Alex Musante, the now-dismissed defendant in this case. Appeal at 18. Again, it is not clear why the IP address of Alex Musante, who is not a Doe Defendant, is relevant to identifying the Doe Defendants as real persons or entities that can be sued in federal court.

Courts have found doe defendants identified with sufficient particularity where courts are provided with IP addresses for the doe defendants, dates associated with infringing activity, and geolocation tracing the physical location of the doe defendants. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 18CV47-WQH (RBB), 2018 WL 1427002, at *4 (S.D. Cal. Mar. 22, 2018) (finding doe defendants were identified with sufficient particularity where plaintiff "provided information about infringing activity tied to Doe Defendant's unique IP address, specific dates and times associated with the activity, the name of the ISP for the user of the IP address; and [plaintiff] used geolocation technology to trace the IP addresses to San Diego, California."); Third World Media, LLC v. Hawaii Members of Swarm of July 13, 2011 to July 25, 2011 Sharing Hash File BD55F2868E09C08DADFC1032CCE43DE2BC1A2D17, No. CV 11-00536 DAE-RLP, 2011 WL 13136257, at *2 (D. Haw. Oct. 6, 2011) (finding doe defendants were identified with sufficient particularity where plaintiff provided "a list of the IP

addresses associated with each of the Doe defendants, along with
the 'hit date' that each IP address subscriber allegedly
infringed on Plaintiff's copyrighted work," and where "[t]he Doe
defendants have been linked to IP addresses in the State of
Hawaii.").

Plaintiff has not provided the IP addresses associated
with the Doe Defendants or otherwise identified the Doe
Defendants as real persons or entities subject to suit before
this Court.  Notably, the rationale for providing geolocation
information along with an IP address relates to a court's
exercise of jurisdiction.  The only location information
Plaintiff has provided here ties the website to a non-defendant
host server in the Netherlands, potentially weakening
Plaintiff's assertion of this Court's jurisdiction.

Plaintiff argues that the email received by
Plaintiff's counsel from LiteServer B.V., wherein a Callum
Venmans stated that LiteServer B.V. had customer information,
constitutes sufficient identification of the Doe Defendants.
Appeal at 18-19.  The Court is disinclined to consider this
argument, raised for the first time in Plaintiff's Appeal.[4]

---

[4] The only reference Plaintiff makes to this email in his Ex Parte
Motion is as follows:
> 2. The Plaintiff has recounted the steps taken to identify
> Defendants.
> The host provider LiteServer B.V. will not release the
> identification information of Defendants absent a court
> order. See Exhibit 1 to the Motion for Reconsideration
(Continued . . .)

<u>United States v. Howell</u>, 231 F.3d 615, 621 (9th Cir. 2000) ("[A]

district court may, but is not required to, consider evidence

presented for the first time in a party's objection to the

magistrate judge's recommendation."); <u>United States v. Boyce</u>,

No. CV 13-00601 MMM JEMX, 2014 WL 7507240, at *7 (C.D. Cal. May

2, 2014) ("[D]istrict courts may decline to consider arguments

raised in Rule 72(a) motions that were not made before the

magistrate judge.").  Regardless, Plaintiff's argument has no

merit.

    The referenced email, submitted in Plaintiff's

separate Motion for Reconsideration of the First Motion for

Letters, states that LiteServer B.V. "forwarded your abuse

complaint to the customer in question" but "cannot share any

customer details with third parties, unless the customer agrees

or there is a legal court order by a NL court requesting us to

forward specific details about this customer."  ECF No. 17-1.

The email states that LiteServer B.V. "will not delete any

customer details on short periods."  ECF No. 17-1.

    Plaintiff argues that these statements indicate

LiteServer B.V. "ha[s] the customer information and are ready to

provide it to Plaintiff's counsel."  Appeal at 19.  This is a

_____

                [Doc. #17-1].
ECF No. 21-1 at 8.  This sentence does not assert that LiteServer
B.V.'s email somehow identifies the Doe Defendants with sufficient
particularity.

mischaracterization and, moreover, still fails to tie that vaguely-referenced "customer" to any jurisdiction. Nor does it require the conclusion that specific, real persons or entities operate the website. Cf. G.N. Iheaku & Co. Ltd. v. Does 1-3, No. C 14-02069 LB, 2014 WL 2759075, at *2 (N.D. Cal. June 17, 2014) (plaintiff "associated the Doe defendants with specific acts of misconduct that could only have been perpetrated by actual people, as opposed to a mechanical process," including the interception and deletion of an email, the creation and sending of a forged email using a deceptive address, the creation of a bank account, and the withdrawal of funds from that bank account); Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 579 (N.D. Cal. 1999) ("Most convincing of all, See's has been in contact by e-mail with a person" who was likely the doe defendant, and who "indicated a desire to sell the subject domain names to See's and has provided See's with evidence that consumers have been actually confused by these web sites, for which [the doe defendant] claims to hold registration rights.").

Plaintiff does not identify the Doe Defendants with sufficient particularity for the Court to determine whether the Doe Defendants are real persons or entities who can be sued in federal court.

## II. Plaintiff Fails to Establish Personal Jurisdiction Over the Doe Defendants

The essence of Plaintiff's argument for establishing personal jurisdiction over the Doe Defendants is that the application Popcorn Time is able to discern where the users are located via geolocation of users' IP addresses. Plaintiff concludes that the Doe Defendants therefore knew they were sending infringing material to Alex Musante in Hawaii, satisfying both specific jurisdiction and the federal long-arm statute under Federal Rule of Civil Procedure 4(k)(2). Appeal at 20-21.

Magistrate Judge Mansfield found that "Plaintiff's Motion has not set forth any arguments as to the federal long-arm statute." Order at 9. As to specific jurisdiction, he found that under the first element of the minimum contacts test, Plaintiff failed to establish purposeful direction. The Court here agrees with Magistrate Judge Mansfield's conclusion. "The contact of the Doe Defendants to one Hawaii resident," Alex Musante, "is not sufficient to show that the Doe Defendants are targeting Hawaii users in particular." Order at 14.

Because Plaintiff has not sufficiently alleged personal jurisdiction over the Doe Defendants, Plaintiff has not demonstrated its Complaint could withstand a motion to dismiss.

**A.    Specific Jurisdiction**

"For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"  Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945).  Plaintiff here asserts personal jurisdiction is satisfied under the three-prong specific jurisdiction test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)).

Copyright infringement is "a tort-like cause of action," so "purposeful direction is the proper analytical framework" under the first prong.  Mavrix Photo, Inc. v. Brand

13

Techs., Inc., 647 F.3d 1218, 1228 (9th Cir. 2011) (internal citations and quotations omitted).  "We evaluate purposeful direction under the three-part 'effects' test . . . '[which] requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'"  Schwarzenegger, 374 F.3d at 803 (citing Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984) and quoting Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002)).

        Courts have "struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed."  Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1229 (9th Cir. 2011) (citations omitted).  A "passive web page, which just posted information" would not satisfy the express aiming prong; however "'Interactive' web sites," where "users can exchange information with the host computer," "present somewhat different issues."  Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 418 (9th Cir. 1997).  Courts consider "the level of interactivity and commercial nature of the exchange of information that occurs on the Web site to determine if sufficient contacts exist to warrant the exercise of jurisdiction."  Id. (internal quotations and citations

omitted).  Courts also consider "the geographic scope of the defendant's commercial ambitions," "and whether the defendant 'individually targeted' a plaintiff known to be a forum resident."  Mavrix Photo, 647 F.3d at 1229 (citations omitted).

In Cybersell, the Ninth Circuit found insufficient allegations to support specific jurisdiction over a Florida defendant in Arizona.  The defendant there "did nothing to encourage people in Arizona to access its site," and "entered into no contracts in Arizona, made no sales in Arizona, received no telephone calls from Arizona, earned no income from Arizona, and sent no messages over the Internet to Arizona."  130 F.3d at 419.  Nor was there evidence any Arizonan accessed the defendant's website apart from plaintiff's own access.  Id.; see also DFSB Kollective Co. v. Bourne, 897 F. Supp. 2d 871, 881 (N.D. Cal. 2012) ("If the defendant merely operates a website, even a highly interactive[] website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution." (quoting be2 LLC v. Ivanov, 642 F.3d 555, 559 (7th Cir. 2011)).

In contrast, in Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218 (9th Cir. 2011), the Ninth Circuit held a California court had specific jurisdiction over an Ohio corporation based on its website.  The Mavrix court found the

15

defendant's website specifically targeted the California market in part based on the website's advertisements, which included jobs, hotels, and vacations in California.  Id. at 1222, 1230. This evidenced the defendant's knowledge that a substantial amount of its web traffic came from California residents, and that the defendant specifically exploited that California base for commercial gain.  Id. at 1230.  The defendant further focused on California by the subject matter of its website— celebrity gossip—which related to "the California-centered celebrity and entertainment industries."  Id.  The court concluded that the California "audience [wa]s an integral component of [the defendant's] business model and its profitability."  Id.; see also Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1020 (9th Cir. 2002) (finding sufficient allegations that the defendant "specifically targeted consumers in Nevada by running radio and print advertisements in Las Vegas." (internal quotations omitted)).

        Plaintiff here must allege something more than a single individual's use of the Doe Defendants' website and application in order to establish the Doe Defendants expressly aimed the website at a Hawaii audience.  Plaintiff may well be able to do so—it emphasizes the application's popularity throughout the United States and that popularity may be evident in Hawaii as well.  Even if the Hawaii audience makes up a

relatively small share of the Doe Defendants' apparent global
audience, continuous and deliberate exploitation of a
substantial Hawaii audience would satisfy the express aiming
prong.  See Mavrix Photo, 647 F.3d at 1229-30.  An audience of
one, however, is insufficient.  Plaintiff should explain the
extent of Popcorn Time's userbase in Hawaii and how users in
Hawaii are deliberately targeted.

### B.    Federal Long-Arm Statute

Plaintiff's Second Motion for Letters did not make an
argument as to the application of Federal Rule of Civil
Procedure 4(k)(2), the Federal Long-Arm Statute ("Rule
4(k)(2)").  See Order at 9; Second Motion for Letters at 8
(singular reference to Rule 4(k)(2) merely identifies the rule
without providing any argument).  Again, the Court is
disinclined to consider Plaintiff's argument, now made for the
first time in its Appeal.

Regardless, Plaintiff's argument fails for the same
reason it fails under the specific jurisdiction test discussed
above:  Plaintiff has failed to show that the Doe Defendants
expressly directed their activities at the United States in
particular.  Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1159 (9th
Cir. 2006) ("The due process analysis [under Rule 4(k)(2)] is
identical to the one discussed above when the forum was

California, except here the relevant forum is the entire United States.").

Plaintiff's arguments do appear likely to fare better when considering the United States userbase of the Doe Defendants' application. But Plaintiff has not provided the Court with sufficient factual allegations to find purposeful direction; rather, aside from the single Hawaii user the Court has already found insufficient, Plaintiff only alleges that "Defendants JOHN DOES 1-10 purposely directed their electronic activity into the United States and target and attract a substantial number of users in the United States and . . . do so with the manifest intent of engaging in business or other interactions with the United States." FAC ¶ 6; Appeal at 28. These vague and conclusory allegations do not establish that the Doe Defendants are targeting a United States audience.

If the application is as prevalent as Plaintiff suggests, the Court is confident that Plaintiff could provide factual allegations so explaining. Compare Goes Int'l, AB v. Dodur Ltd., No. 3:14-CV-05666-LB, 2015 WL 5043296, at *11 (N.D. Cal. Aug. 26, 2015) (finding Rule 4(k)(2) jurisdiction where the Chinese defendants "allegedly copied Goes's game and distributed infringing games to U.S. players, resulting in roughly 50,000 undisputed downloads" and where the "defendants' actions are geared toward distribution of its allegedly infringing products

to U.S. consumers via a U.S. commercial platform," the Apple App Store), with DFSB Kollective Co. v. Bourne, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012) (finding no personal jurisdiction in California where "the advertisements provided by Plaintiffs do not suggest that Defendant targeted California" and "there is no indication that Defendant knew of a California user base or that he exploited that base").

While Plaintiff asserts the application contains advertisements and encourages the purchase of its VPN service, Appeal at 28, it is not apparent that the advertisements and VPN service are specifically directed at a United States audience.

Nor is the Court convinced by Plaintiff's reliance on the Doe Defendants' use of "US resources . . . such as the server host provider ColoCrossing, the name server Cloudflare, Inc. and the E-mail provider Google." Appeal at 27-28. Plaintiff does not explain the significance of the Doe Defendants' use of these services. Doe Defendants apparently use international resources, as evidenced by the letters rogatory Plaintiff here seeks for a Dutch company, a U.K. company, an Australian company, and an Icelandic company. See Second Motion for Letters.

Further, Plaintiff's argument could improperly suggest that every person with a Google email address has submitted to personal jurisdiction in the United States. "[A]s noted by

other courts, many prominent Internet companies are based in the United States.  Because of that, the location of such companies should not be deemed meaningful contact for jurisdictional purposes in disputes involving third-parties." AMA Multimedia LLC v. Wanat, No. CV-15-01674-PHX-ROS, 2017 WL 5668025, at *6 (D. Ariz. Sept. 29, 2017).  And, if Plaintiff were correct that these United States resources created personal jurisdiction over the Doe Defendants, that could suggest that the Doe Defendants were subject to the jurisdiction of the state's courts of general jurisdiction where those resources are located, undermining federal long-arm jurisdiction under Rule 4(k)(2). Rule 4(k)(2) (requiring that "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction."); see also Pebble Beach, 453 F.3d at 1159 ("The exercise of Rule 4(k)(2) as a federal long-arm statute requires . . . the defendant must not be subject to the personal jurisdiction of any state court of general jurisdiction.").

For these reasons, Plaintiff has failed to establish personal jurisdiction under Rule 4(k)(2).

### III. Likelihood of Identification

Plaintiff argues that it has shown the discovery sought would lead to the identification of the Doe Defendants, and that Magistrate Judge Mansfield's Order errs by ruling otherwise.  Appeal at 29-31.

Plaintiff appears to rely on its own conclusory statements that it believes the discovery sought would lead to the identification of Doe Defendants. Plaintiff states that its counsel "strongly suspect[s] that the same individuals are behind the websites," and that in its Second Motion for Letters "Plaintiff pointed out that the 'Icelandic Registrar . . . ISNIC will have identification information for Defendants that is not publicly available', 'Instra will have identification information for Defendants that is not publicly available' and 'IPSERVER LP will also have identification information for Defendants that is not publicly available.'" Appeal at 30. Plaintiff's beliefs and counsel's suspicions are not evidence or factual allegations. They are not sufficient to make a showing that the discovery sought would lead to the identification of Doe Defendants.

Plaintiff's entire argument, then, rests on the email received from LiteServer B.V. There are several problems with this argument. First, Plaintiff failed to raise this argument before the Magistrate Judge. Second, Plaintiff mischaracterizes the statement in that email. The email states that LiteServer B.V. "forwarded your abuse complaint to the customer in question" but "cannot share any customer details with third parties, unless the customer agrees or there is a legal court order by a NL court," which Plaintiff reframes as meaning "the

host provider of Defendant's website has stated that they have the customer information and are awaiting a Court order so they can provide it to Plaintiff's counsel." ECF No. 17-1, Appeal at 30. It is not clear why the server's forwarding of an abuse complaint necessarily means that LiteServer B.V. has the type of customer information that would lead to the identification of Doe Defendants, and Plaintiff, without argument, simply asserts it is so. Third, even if Plaintiff had shown that LiteServer B.V. had relevant customer information that would lead to the identification of Doe Defendants, that would not lead the Court to conclude the Letters are warranted against all four entities sought.

Having failed to satisfy three of the four factors for early discovery, as well as the fact that courts have discretionary authority to issue letters rogatory, see Barnes and Noble, Inc. v. LSI Corp., No. C 11-02709 EMC (LB), 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012); Asis Internet Servs. v. Optin Glob., Inc., No. C-05-05124 JCS, 2007 WL 1880369, at *2-3 (N.D. Cal. June 29, 2007), the Court cannot say that the Magistrate Judge's Order was clearly erroneous.

## CONCLUSION

Accordingly, the Court concludes that the Magistrate Judge did not err in denying Plaintiff's Second Motion for Letters.  The Magistrate Judge's Order is hereby AFFIRMED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai`i, January 23, 2020.

Alan C. Kay
Sr. United States District Judge

<u>Bodyguard Productions, Inc. v. John Does 1-10.</u>, Civ. No. 19-00139 ACK-KJM, Order Affirming Magistrate Judge's Order Denying Plaintiff's Motion for Leave to Request Issuance of Order Granting Letters of Request Prior to Rule 26(f) Conference and Order Granting Said Letters of Request.